# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2024

Lyle W. Cayce
Clerk

No. 23-50635
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Armando Morales-Rojas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1544-2

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Luis Armando Morales-Rojas pleaded guilty to conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(i), and transporting aliens within the United States for private financial gain in violation of § 1324(a)(1)(A)(ii) and (B)(i). The district court sentenced Morales-Rojas to 60 months of imprisonment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50635

On appeal, Morales-Rojas challenges the application of a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on the finding that he acted as an organizer of the criminal activity. A district court's finding that a defendant played an aggravating role for purposes of an adjustment under § 3B1.1(c) is a finding of fact that we review for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015).

The record shows that Morales-Rojas recruited his son-in-law to work in the smuggling operation, and he controlled how much information his son-in-law had about the operation. Morales-Rojas also rented the motel room where he and his son-in-law stayed while waiting to transport the illegal aliens, and he was the sole communicator with someone higher up in the operation. Thus, the record plausibly supports the district court's finding that Morales-Rojas played an aggravating role in his offense by exercising control over another participant. *See id.* at 283; *see also United States v. Giraldo*, 111 F.3d 21, 24-25 (5th Cir. 1997) (holding that a defendant's recruitment of money suppliers of a drug transaction was sufficient to establish that a defendant exercised control over another participant). Accordingly, the district court did not clearly err in applying the enhancement.

AFFIRMED.